UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARK HURST,

    Plaintiff,

    v.                                 CAUSE NO. 3:22-CV-850-DRL-JEM

JOHN GALIPEAU *et al.*,

    Defendants.

OPINION AND ORDER

Mark Hurst, a prisoner without a lawyer, filed an amended complaint against Dorthy Livers and John Galipeau. ECF 17. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Hurst's amended complaint alleges that he is diabetic and developed an open wound on his leg around June 18, 2022, while incarcerated at Westville Correctional Facility. Mr. Hurst indicates he begged Medical Director Livers for treatment and his requests fell on deaf ears. His mother called the prison about his leg on June 25, 2022. He filed healthcare requests regarding his leg on June 29, 2022, and August 24, 2022. He also wrote to Warden Galipeau about his wound. At some point (he does not say when), the

wound became infected, and the bottom of his leg turned black. He is, however, now receiving proper treatment in the prison's wound clinic He has permanent damage that he links to a delay in receiving proper treatment.

In medical cases, the Constitution is violated only when a defendant is deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotations, brackets, and citation omitted). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

That said, "the Constitution is not a medical code that mandates specific medical treatment." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). "Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." *Id.* Inmates are "not entitled

to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). "[I]nexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and quotations omitted). "[W]hether the length of a delay is tolerable depends on the seriousness of the condition and the ease of providing treatment." *Petties v. Carter*, 836 F.3d 722, 730 (7th Cir. 2016).

Though Mr. Hurst asserts that Medical Director Livers was indifferent to his suffering, the facts alleged in the amended complaint do not permit such an inference. Mr. Hurst points to only two communications with Medical Director Livers: June 29, 2022, and August 24, 2022. This court previously found that it can't be plausibly inferred from these two communications that Medical Director Livers' decisions regarding Mr. Hurst's care weren't based on her medical judgment or that she was deliberately indifferent to his medical needs. ECF 8 at 4-5. The amended complaint provides no further information regarding Mr. Hurst's communications with Medical Director Livers that could support such an inference. Furthermore, he has not provided any information about the care he did receive; he only complains generally that his needs were not addressed quickly enough. Mr. Hurst has not pleaded facts from which it can be plausibly inferred that Medical Director Livers was deliberately indifferent to his medical needs. He may not

have received the best care possible, but the Constitution does not guarantee the best care possible.[1]

Mr. Hurst is also suing John Galipeau because he is in charge of Mr. Hurst's safety and wellbeing. This court has already explained to Mr. Hurst (ECF 8 at 5) that supervisory staff can be held liable for a constitutional violation if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir 2019). Here, Mr. Hurst hasn't established that his constitutional rights were violated or that a constitutional violation was facilitated, approved, or condoned by Warden Galipeau. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009). Therefore, Mr. Hurst can't proceed against Warden Galipeau.

The amended complaint doesn't state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Mr. Hurst has already amended his complaint several times, and it would be futile to permit him another opportunity to amend.

---

[1] Though the amended complaint provides little detail regarding Mr. Hurst's care, documents included with Mr. Hurst's original complaint reveal that Mr. Hurst was seen by medical staff on June 22, 2022. ECF 1-1 at 3. In response to his June 29, 2022, request, Medical Director Livers responded by indicating he had been scheduled for urgent care. ECF 1-1 at 5. In response to his August 24, 2022, request for healthcare, Medical Director Livers indicated that he was being seen daily in urgent care for wound care. ECF 1-1 at 9.

4

For these reasons, the case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

November 16, 2023                    *s/ Damon R. Leichty*
                                     Judge, United States District Court